UNITED STATES of America ex rel. Lavada WOOLLUMS, Petitioner-Appellant,

v.

James GREER, Warden, Respondent-Appellee.

No. 82–2999.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 14, 1983.*

Decided Feb. 24, 1984.

Rehearing and Rehearing En Banc Denied July 12, 1984.

Lavada Woollums, pro se.

Michael V. Accettura, Deputy Atty. Gen., Chicago, Ill., for respondent-appellee.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Before CUMMINGS, Chief Judge, and ESCHBACH and FLAUM, Circuit Judges.

ESCHBACH, Circuit Judge.

This appeal from the denial of petitioner Woollums' application for a writ of habeas corpus raises the issue whether Woollums' prosecution on an aggravated battery charge was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We conclude that it was and therefore reverse the magistrate's judgment.

## I.

On September 4, 1973, a Quincy attorney found Woollums, apparently intoxicated at the time, tampering with his automobile. The attorney returned to his office and solicited the help of several Quincy police officers. They returned to the scene and found Woollums. When questioned about his actions, Woollums falsely stated his brother-in-law owned the automobile. Upon being informed by the officer that the owner was standing beside him, Woollums struck the officer behind the ear. He then fled with the officer in hot pursuit; he stumbled and fell, and in the ensuing scuffle, kicked the officer.

On September 4, 1973, Woollums was issued a citation for violations of local ordinances prohibiting intoxication and interfering with an officer. The charges were made out on a Uniform Illinois Citation and Complaint Form. The box requiring a mandatory court appearance under Illinois Supreme Court Rule 551(f) was checked. Woollums did not sign the portion of the form waiving trial and consenting to the entry of an *ex parte* judgment as provided for in Rule 556(b).

On September 5, 1973, Woollums appeared in court and posted $100 cash bail; trial was set for September 26, 1973. When Woollums failed to appear in court on September 26, the following order was entered:

Defendant called three times, fails to appear and is found to be in default. *Ex parte* judgment is entered herein against the Defendant in the amount of $100.00. It is therefore ordered that the Defendant's cash bond heretofore posted by Defendant shall be applied in satisfaction of the judgment rendered herein.[1]

On April 2, 1975, Woollums was indicted on a charge of aggravated battery based upon the events of September 4, 1973. Following a jury trial held in November, 1977, he was found guilty; on December 10, 1977, he was sentenced to a prison term of three and one-third years to ten years. Woollums' conviction and sentence were affirmed, *People v. Woollums,* 63 Ill.App.3d 602, 20 Ill.Dec. 317, 379 N.E.2d 1385 (1978), and the Illinois Supreme Court denied leave to appeal. Woollums' amended petition for post-conviction relief was dismissed on August 13, 1979.

In his petition for a writ of habeas corpus, Woollums raised two claims which had been decided adversely to him by the Illinois Appellate Court: (1) his prosecution for and conviction of aggravated battery following the *ex parte* judgment on the ordinance violation of interfering with an officer violated the Double Jeopardy Clause of the United States Constitution; and (2) the delay of eighteen months between the September 4, 1973 incident and the April 2, 1975 indictment violated his due process rights.

The parties consented to entry of final judgment by a United States Magistrate pursuant to 28 U.S.C. § 636(c). Following an evidentiary hearing and by order dated August 14, 1981, Magistrate Cohn dismissed Woollums' due process claim.[2] By order dated October 28, 1982, Magistrate Cohn denied the petition in its entirety, conclud-

---

1. The trial court used a standard form on which a blank space is provided for the amount of the judgment and one of two boxes may be checked depending upon whether the accused has posted a cash bond or a bond card.

2. Because Woollums' petition contains no allegation that the delay in prosecution was substantially prejudicial or improperly motivated, we affirm the magistrate's decision on this claim. *See United States v. Watkins,* 709 F.2d 475, 479 (7th Cir.1983).

ing that Woollums' double jeopardy claim similarly lacked merit. The magistrate held there were no "multiple punishments" in Woollums' case: the forfeiture of the bail did not constitute criminal punishment. The magistrate further rejected Woollums' argument that interfering with an officer is a lesser included offense of aggravated battery. The magistrate reasoned that the ordinance requires proof that the person interfered with was a city officer or employee; the statute does not. Woollums appeals.

## II.

The Fifth Amendment guarantee against double jeopardy, enforceable against the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), consists of three separate constitutional protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). This case implicates the latter two concerns.[3]

The Illinois Appellate Court's opinion contains the following analysis of the nature and legal import of the trial court's order of September 26, 1973:

While the language of the court's order is not couched precisely in the words of the rule [Illinois Supreme Court Rule 556(c)] and statute [Ill.Rev.Stat.1973, ch. 38, par. 110–8(g)], its meaning is obvious. The bail was forfeited but the court did not order a verified complaint and warrant. The proceedings stopped short of prosecution. The court was premature in entering a judgment since under the statute 30 days must elapse from the forfeiture to the judgment, but the purported entry of judgment only reinforces what was the evident intent of the court: a civil judgment on the bond in lieu of criminal prosecution.

*People v. Woollums,* 63 Ill.App.3d at 606, 20 Ill.Dec. at 320, 379 N.E.2d at 1388. The state appellate court concluded that Woollums suffered only a monetary penalty for nonappearance, not punishment for the ordinance violation of interfering with an officer.[4] *Id.*

We do not believe that the meaning of the trial court's order is as obvious as the state appellate court deemed it to be. The unstated premise of that court's analysis, with which the magistrate was in accord, was that the ordinance violations were mandatory appearance offenses under Illinois Supreme Court Rule 551(f). Resolution of the issue whether Woollums was punished for the ordinance violations requires a more careful analysis of the applicable statutes and rules.

Illinois Supreme Court Rule 556(c) provides, in pertinent part, that:

If a defendant fails to appear on the date set for appearance, ... and a court ap-

---

**3.** We recognize that the "multiple punishment" cases have arisen in the context of consecutive sentences imposed following a single trial of two or more offenses alleged to be the "same offense." A case, such as this, involving an *ex parte* judgment is difficult to classify. A prosecution has been defined as "a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with [a] crime." Blacks Law Dictionary (5th ed. 1979). Under this definition, a proceeding which results in an *ex parte* judgment is no less a "prosecution" than a full-scale trial in which the trier of fact ultimately reaches its verdict. In any event, the issue presented is whether what occurred in this case

was merely a bail forfeiture or was the entry of an *ex parte* judgment adjudicating guilt and assessing a fine. The latter, whether classified as "punishment" or "prosecution," is sufficient to invoke the protection of the double jeopardy clause if Woollums' state conviction was for the "same offense."

**4.** We are mindful that state court factual findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). In this case, however, the state court's characterization of the September 26 order is necessarily the determinant of the legal question presented, *i.e.,* whether Woollums was punished for the ordinance violation.

pearance is required under Rule 551, bail or security shall be forfeited and the judge may order the filing of a verified complaint and issue a summons or warrant of arrest for the defendant.

Thus, Rule 556(c), governing the forfeiture of bail in a case in which a court appearance is required, does not provide for the entry of an *ex parte* judgment against the accused upon his failure to appear. Rather, a verified complaint may be filed and summons or warrant issued.

The statutorily mandated procedure for proceeding to judgment on a bail forfeiture is set forth in section 110–8(g) of the Illinois Code of Criminal Procedure:

> If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith by the clerk of the court to the accused and his sureties at their last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture ... the court shall enter judgment for the State against the accused and his sureties for the amount of the bail and cost of the proceedings.

Ill.Rev.Stat. ch. 38, § 110–8(g). Although forfeiture of bail does not release the defendant from prosecution, in practice, bail forfeiture often is accepted in lieu of a fine.[5] The judgment entered on a bail forfeiture is civil in nature; it constitutes monetary damages for the defendant's breach of his contract with the government.

Rule 556(b), governing cases in which a court appearance is *not* required under Rule 551, provides that the accused shall sign the portion of the complaint form consenting, upon failure to appear, to the entry of *ex parte* judgment and the application of cash bail to payment of the fine and costs assessed. The rule further provides that if the defendant does not appear, the court *may* enter an *ex parte* judgment against him assessing a fine and costs, in an amount not to exceed the cash bail, and apply the cash bail in payment thereof. An *ex parte* judgment under Rule 556(b) is not a judgment on a bail forfeiture; it is an assessment of a fine for the violation.

The September 26 order precisely tracked the language of Rule 556(b). However, neither the state appellate court nor the district court addressed the issue whether the ordinance violations were or were not mandatory appearance offenses. Under Rule 551(f), a court appearance is required "for violation of any municipal ordinance defining offenses comparable to those specified in subparagraphs (a), (b), and (d) of this Rule 551." Subparagraph (a) requires a court appearance for "all alleged violations of chapters 3, 5, 6, 8 and 9 of the Illinois Vehicle Code." Subparagraph (b) requires a court appearance for alleged violations of specified sections of the Illinois Vehicle Code, two of which govern "Fleeing or Attempting to Elude Police Officer" and "Transportation or Possession of Liquor or Drugs." Subparagraph (d) requires a court appearance for "any traffic offense which results in an accident causing injury to or the death of any person."

One might examine the incident and resulting charges and question the applicability of the procedures set forth in Rule 556 which govern traffic and conservation cases. We have uncovered no cases addressing the issue how comparable the of-

---

5. The Committee Comments to § 110–8(g) provide, in pertinent part, as follows:

> In traffic cases, or others, where the practice is for the accused to post cash bail and then forfeit in lieu of trial, this practice may be continued under section 110–8. Of course, it should be realized that the forfeiture of bail does not release the accused from prosecution if the state or city desires to prosecute but that has always been the law and section 110–8 constitutes no change in that regard.

> In practice it is usually cheaper for the state, or city, in traffic cases and other minor offenses in which a fine would probably be imposed as punishment, to accept the bail forfeiture in lieu of the fine which would probably be imposed and not go to the expense (which would be borne by the taxpayers), of bringing every traffic violator and minor offender into court for a full-blown trial.

fense defined in the municipal ordinance and that defined in the Illinois Vehicle Code must be in order for the former to be deemed a mandatory appearance traffic offense under Rule 551(f). We are willing to presume wide latitude in defining comparable offenses. In the present case, the box on the citation form requiring a court appearance under Rule 551(f) was checked.

We believe, however, that a reasonable inference to be drawn from the trial court's entry of the *ex parte* judgment on September 26, the date of nonappearance, is that the court did not believe the ordinance violations were mandatory appearance offenses under Rule 551(f). This inference is supported by the trial judge's presumed knowledge of the statutorily mandated procedure for entry of judgment upon forfeiture, which requires that the defendant be notified of an order of forfeiture and provides that judgment on the forfeiture may be entered only if the defendant does not appear and surrender to the court within 30 days.

Although serious questions arise concerning the trial court's authority to enter an *ex parte* judgment on nontraffic-related ordinance violations, which these may be, especially in light of the fact that Woollums did not sign the portion of the complaint form waiving trial and consenting to the entry of *ex parte* judgment in the event he failed to appear on September 26, the issue to be determined for double jeopardy purposes is whether the court imposed a fine for violations of the ordinances, not whether it was legally authorized to do so. Accepting bail forfeiture in lieu of a fine and entering *ex parte* judgment assessing a fine and applying cash bail in satisfaction of that judgment are conceptually distinct acts with different legal ramifications.

We conclude that the plain meaning of the court's September 26 order should gov-

ern. The court entered *ex parte* judgment against Woollums in the amount of $100 and applied his cash bond "in satisfaction of the judgment." Because fines are treated in the same manner as sentences of incarceration for the purpose of double jeopardy analysis, *Jeffers v. United States,* 432 U.S. 137, 155, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168 (1977),[6] we hold Woollums has satisfied the first prong of the double jeopardy test.

We turn then to the more difficult issue whether interfering with an officer and aggravated battery are the "same offense" as that term is defined in the double jeopardy context.

Woollums was indicted for aggravated battery in that he intentionally and knowingly, without legal justification, caused bodily harm to an individual he knew to be a peace officer, while the officer was engaged in the execution of his official duties, "to wit: lawful arrest." Ill.Rev.Stat. ch. 38, § 12–4(b)(6). *People v. Woollums,* 63 Ill.App.3d at 605, 20 Ill.Dec. at 320, 379 N.E.2d at 1388. The Quincy ordinance provides that "it shall be unlawful to interfere with or hinder any officer or employee of the city while engaged in the duties of his office."

The state appellate court determined that the offenses, "viewed in the abstract," require proof of different elements. Two distinctions were relied upon: (1) the ordinance requires proof that the person interfered with was a city officer; a peace officer within the meaning of the state statute may be an employee of either a federal, state or local governmental unit; and (2) the aggravated battery statute requires proof of bodily harm; interference can be accomplished without any physical contact.

In dismissing Woollums' double jeopardy claim, the magistrate relied upon the "local connection" distinction, which is one we

---

**6.** *See also People v. Allison,* 46 Ill.2d 147, 263 N.E.2d 80 (1970), in which defendant pleaded guilty to disorderly conduct in violation of a municipal ordinance. The Illinois Supreme Court held defendant's subsequent prosecution for disorderly conduct in violation of a state statute barred by the double jeopardy provi-

sions of the Federal and Illinois Constitutions. In doing so, the court rejected the state's argument that the prohibition of successive prosecutions for the same offense has no application where one of the prosecutions was for violation of a municipal ordinance that provides only for a monetary penalty.

have no hesitation in rejecting. That establishment of a violation of the city ordinance requires proof that the officer interfered with was a city officer is irrelevant for the purpose of double jeopardy analysis. In *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), the Supreme Court rejected the notion that a municipality and the state may be treated as separate sovereign entities, each capable of imposing punishment for the same offense.

Proof that the officer interfered with was a city officer is simply a jurisdictional prerequisite to prosecution under the ordinance. To transform this jurisdictional element into an element of the ordinance violation that substantively distinguishes it from the statutory offense for the purpose of double jeopardy analysis is to undercut impermissibly the ratiocination upon which the *Waller* decision was based. We hold that successive prosecutions under local and state laws are not permitted solely because establishment of the local offense requires proof of the "local connection." The question remains whether, apart from the "local connection" distinction, the ordinance and the statute are the "same offense."

The test for determining whether two offenses are the same for double jeopardy purposes was stated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. Without focusing on evidence presented in the particular case, *see United States v. Bridges,* 717 F.2d 1444 (D.C.Cir.1983), our task is to consider whether a prosecutor who proves aggravated battery, also proves interference with an officer. *See Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

To establish "aggravated battery," as that offense is defined in the context of this case, *see Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the prosecutor must prove two elements:

(1) that the defendant knowingly or intentionally caused bodily harm to an individual or made physical contact of an insulting or provoking nature with an individual, and

(2) that the defendant knew that the individual harmed was a peace officer engaged in the execution of his official duties.

*See* Ill.Rev.Stat. ch. 38, §§ 12–3, 12–4.

It appears beyond contention that proof of these facts would also support a conviction under the Quincy ordinance prohibiting interference with a city officer engaged in official duties. The words "interfere" and "hinder," which appear in the Quincy ordinance, are general concepts that describe various actions. *See People v. Woollums,* 63 Ill.App.3d 602, 607, 20 Ill.Dec. 317, 321, 379 N.E.2d 1385, 1389 (1978). Undoubtedly, committing a battery on an officer is one way to interfere with or hinder that officer. Indeed, the respondent does not argue to the contrary. We hold, therefore, that the petitioner was twice convicted of the same offense; accordingly, the prosecution, conviction, and sentence on the aggravated battery charge violated double jeopardy.

III.

For the reasons expressed in this opinion, the magistrate's judgment is reversed and the case is remanded with instructions to issue the writ.