The People of the State of Illinois, Defendant in Error, v. Harry O. Whittington, Plaintiff in Error.

1. STATUTE OF LIMITATIONS—*when does not run in criminal case.* During the absence from the State of a defendant indicted for a criminal offense the Statute of Limitations does not run.

2. AMENDMENTS AND JEOFAILS—*propriety of amendment of in-*

*formation in criminal case.* If the Statute of Limitations has not run against the offense charged, it is proper for the court in its discretion to grant leave to amend the information.

3. SEDUCTION—*what essential to sustain conviction for.* In order to sustain a conviction for seduction it must appear beyond a reasonable doubt when all the evidence is fairly considered and weighed together, that the defendant accomplished his purpose by some artifice, promise, flattery, deception or the like.

4. INSTRUCTIONS—*must not ignore material issue.* An instruction which undertakes to sum up all the elements necessary to a verdict of guilty must not ignore any material ground of defense.

5. INSTRUCTIONS—*when as to "reasonable doubt" erroneous.* The expressions "convinces the guarded judgment" and "satisfies the mind to a reasonable certainty," do not give the defendant accused of a criminal offense the benefit of the requirement of proof beyond a reasonable doubt.

Criminal prosecution for seduction. Error to the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

W. H. HART, for plaintiff in error.

W. P. SEEBER, State's Attorney, for defendant in error; W. C. BLAIR, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a criminal prosecution, by information, in the County Court of Franklin county, against plaintiff in error, upon a charge of seduction, under sec. 525 of the Criminal Code. The statute is as follows: "Any person who shall seduce and obtain carnal knowledge of any unmarried female under the age of eighteen years, of previous chaste character, shall, on conviction, be punished by a fine of not less than one thousand dollars and not more than five thousand dollars or by imprisonment in the county jail not exceeding one year, or both such fine and imprisonment * * * but no conviction shall be had of such crime upon the testimony of the female unsupported by other evidence." Trial by jury. Verdict finding plaintiff

in error guilty as charged in the information. Judgment on the verdict, and a fine of $1,000 imposed upon plaintiff in error.

An information was filed in the County Court by the state's attorney, on the 9th day of February, 1907, charging that the seduction took place November 1, 1905; on the 8th day of March, 1905, the state's attorney, by leave of court, amended the information so as to make it state that the seduction took place on the first day of November, 1904, and averred "that since the commission of said crime the defendant has been beyond the limits of the state of Illinois."

Counsel for plaintiff in error contend that the trial court erred in permitting the state's attorney to amend the information, and in putting plaintiff in error upon trial upon the information as amended. Their position is, that as amended, the information shows on its face that the Statute of Limitations had run at the time the amendment was made. One vice of this position is that it assumes that the Statute of Limitations always runs within the specified period, whereas that is not always true, and one of the amendments to the information sets up a state of facts showing that it was not true in this case, that from the time of the alleged offense to his arrest, February 16, 1907, he was beyond the limits of the state of Illinois. In such case the statute did not begin to run until his return to the state, or if it should appear that it had begun to run before he left the state, it was arrested by his departure and suspended during his absence.

This was a criminal case, where the law requires that the guilt of the accused must be proved beyond a reasonable doubt, to warrant a conviction; and in this particular class of cases the statute provides that "no conviction shall be had upon the testimony of the female unsupported by other evidence."

While we cannot agree with counsel that there is absolutely no evidence in this record tending to support the verdict, we do think that upon two most ma-

terial questions the evidence is very slight. These are, as to the fact of the seduction within the statutory meaning of that term, and as to the absence of plaintiff in error from the state. We do not doubt but that plaintiff in error had sexual intercourse with the prosecuting witness and we think the evidence tends to prove that he was the father of her child, but these alone are not enough to make a case of seduction. In order to sustain a conviction for the crime of seduction, it must appear beyond a reasonable doubt, when all the evidence is fairly considered and weighed together, that the defendant accomplished his purpose by some artifice, promise, flattery, deception or the like. Neary v. The People, 115 Ill. App. 157.

With reference to the absence of plaintiff in error from the state, the burden was on defendant in error to prove the fact as set up in the amended information, within the meaning of the statute, *i. e.* "that he was not usually and publicly resident within this state," during such portion of the time as would take the case from under the Statute of Limitations. Upon this material question the proper evidence is very slight and incomplete, and nowhere in the series of instructions given on behalf of defendant in error is this most material question mentioned, and in two of them, the 8th and the 9th, the court undertakes to sum up all that is requisite to a verdict of guilty. The failure to include this requisite in those two instructions was material error, and such error as could not be cured by any good instruction that may have been given on behalf of plaintiff in error, because of the repugnance. Where there is such repugnance it is not curable.

The first, fourth, tenth and twelfth instructions given on behalf of defendant in error, are all more or less defective and misleading. In the first, the expression "convinces the guarded judgment," is used and no reference is made to the requirement of proof beyond a reasonable doubt. We do not think the ex-

pression "convinces the guarded judgment," as that expression would be likely to be understood by a jury, is a fair equivalent for "believe beyond a reasonable doubt." The fourth, assumes that confessions were proved. In the tenth, this expression is used, "satisfies the mind to a reasonable certainty;" this is not sufficient, it should be "beyond a reasonable doubt." In the twelfth it is said, "it matters not what the character of the prosecuting witness is at the present time;" this should have been limited to her character for chastity.

For the errors above noted the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*