THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GLENN THOMPSON, Defendant-Appellant.

Fifth District    No. 77-209

Opinion filed November 20, 1978.

Michael J. Rosborough and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

On March 21, 1975, defendant, Glenn Thompson, was charged by information filed in the circuit court of Jackson County with the offense of public aid fraud in violation of section 11—21 of the Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 11—21). The information alleged that the offense had been committed "from October, 1972, through March, 1973."

Following a jury trial, defendant was found guilty and was sentenced to two years probation conditioned upon four weekends of periodic imprisonment. Defendant appeals the judgment entered.

The sole question raised by defendant is whether he was denied effective assistance of counsel by his appointed counsel's failure to move to dismiss the charge on the grounds that it was barred by the statute of limitations.

The facts underlying the offense are not in dispute. During the six-month period alleged in the information, defendant was a recipient of public aid funds. He had, however failed to report his change of circumstances consisting of his employment during that period and the income therefrom. During the period, he had received well over $1,000 in public aid.

■■ The instant offense is a Class A misdemeanor. (Ill. Rev. Stat. 1973, ch. 23, par. 11—21.) The applicable period of limitation to the prosecution of the offense is 1½ years after the commission of the offense. (Ill. Rev. Stat. 1975, ch. 38, par. 3—5(b).) The instant charge, however, was brought two years after the offense was committed.

■■ No motion to dismiss the information on this basis had been filed by defense counsel. Defendant contends that this failure, *ipso facto*, constituted ineffective representation. We disagree.

Initially, we note that it is undisputed that in every other respect, the representation provided by counsel was competent and vigorous. To succeed in the single challenge raised, defendant must demonstrate that such was actual incompetence and that it resulted in substantial prejudice. (*People v. Morris*, 3 Ill. 2d 437, 121 N.E.2d 810; *People v. Goerger*, 52 Ill. 2d 403, 288 N.E.2d 416.) Further, our review of counsel's efficacy will not extend to matters involving the exercise of judgment, discretion or trial tactics. *People v. Greenlee*, 44 Ill. App. 3d 536, 358 N.E.2d 649.

■ In the instant case, although the period for the prosecution of a misdemeanor may have run, that applicable to a felony had not. (See Ill. Rev. Stat. 1975, ch. 38, par. 3—5.) Conceivably, defendant could have been charged, based on the same facts, with felony-theft by deception in violation of section 16—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(b)). Defense counsel's determination of whether or not to attack the information on the basis of time limitations would have included a consideration of the risk of a future felony prosecution. The determination made by him was well within the purview of a proper exercise of his judgment. Consequently, we find no merit to defendant's contention, and therefore affirm.

Affirmed.

KARNS and HICKMAN, JJ., concur.