THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL W. GWINN, Defendant-Appellant.

Second District   No. 2—92—0835

Opinion filed January 18, 1994.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

After a bench trial in the circuit court of Du Page County, the defendant, Michael W. Gwinn, was convicted of felony retail theft (Ill. Rev. Stat. 1987, ch. 38, par. 16A—3(a) (now codified, as amended, at 720 ILCS 5/16A—3(a) (West 1992))) and sentenced to two years in the Department of Corrections. On appeal, the defendant argues that his conviction should be reversed because the State filed the information

in this case after the statute of limitations for felony retail theft had run. We reverse and remand.

On April 13, 1988, the State filed a complaint stemming from an incident occurring on April 12, 1988, where the defendant carried 20 cartons of cigarettes out of a grocery store in Lombard, Illinois, without paying for them. The defendant appeared in court on May 2, 1988, and waived his right to a preliminary hearing. The State informed the trial court that it was not ready to file an information.

The trial court held a hearing on May 31, 1988, for the purpose of arraignment. The assistant State's Attorney informed the court that he did not have the file for this case and was unprepared to file an information. Defense counsel informed the court that he intended to file a Treatment Alternatives to Street Crime (TASC) petition and therefore did not object to a continuance. The court continued the matter until July 6.

The defendant did not appear at the July 6 hearing. Defense counsel informed the court that the defendant did not appear for an interview with TASC. The court forfeited the defendant's bond. The defendant appeared at an August 10, 1988, hearing on the bond forfeiture, and the court vacated the July 6 forfeiture order.

The defendant did not appear at an August 17 hearing on his TASC petition. The trial court again ordered the defendant's bond forfeited. Neither the defendant nor defense counsel appeared at a September 21 hearing on the forfeiture. The trial court entered judgement on the bond forfeiture and issued a warrant for the defendant's arrest. On October 21, 1988, the trial court ordered the case placed on inactive status.

At an October 21, 1990, status hearing on the warrant, the trial court asked if there was an information. The assistant State's Attorney replied, "If you don't have any in the file, I don't know, Judge." At an October 25, 1991, status hearing, the trial court asked the same question. The assistant State's Attorney told the court that he "would like to review that."

The defendant was arrested on January 28, 1992, in Cook County, Illinois, on an unrelated offense. He appeared before the trial court on February 14, 1992, and the State filed an information on February 19. The court held a bench trial on June 19, 1992, and found the defendant guilty of retail theft. The trial court denied the defendant's post-trial motion and sentenced the defendant to two years in the Department of Corrections. This timely appeal followed.

The defendant claims that, because the information filed in this cause failed to allege that the offense occurred within the applicable

limitations period and failed to plead an exception to the statute of limitations, his conviction must be reversed. The State does not dispute the defendant's claim that the charging instrument in this case is defective and instead argues that the defendant has waived this issue on appeal.

■ A prosecution for felony retail theft must be commenced within three years after the commission of the offense. (Ill. Rev. Stat. 1991, ch. 38, par. 3—5(b) (now 720 ILCS 5/3—5(b) (West 1992)).) This means that the charging instrument must allege that the defendant committed the offense at some time prior to the return of the indictment or the filing of the information and within the period fixed by the statute of limitations. (*People v. Strait* (1978), 72 Ill. 2d 503, 506.) If the charging instrument shows on its face that the alleged offense was committed after the limitations period has run, it must allege facts which would invoke an extended limitations period or toll the running of the limitations period (see Ill. Rev. Stat. 1991, ch. 38, pars. 3—6, 3—7 (now 720 ILCS 5/3—6, 3—7 (West 1992))). (*Strait*, 72 Ill. 2d at 506.) The information here alleged that defendant committed a felony offense on April 12, 1988. It was filed, however, almost four years after the alleged date of the offense and did not allege any facts invoking exclusion from the statute of limitations.

■ If a defendant wishes to raise the statute of limitations as a bar to prosecution, he must file a written motion to dismiss before trial and within a reasonable time after arraignment. If the defendant fails to raise the statute of limitations issue in this manner, this ground for dismissal of the charges will be deemed waived. (Ill. Rev. Stat. 1991, ch. 38, pars. 114—1(a)(2), (b) (now 725 ILCS 5/114—1(a)(2), (b) (West 1992)).) The defendant in this case did not raise the statute of limitations issue at any point during the proceedings in the trial court.

■ When a defendant challenges an indictment or information for the first time on appeal, the indictment or information will be deemed sufficient if it " 'apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct.' " (*People v. Thingvold* (1991), 145 Ill. 2d 441, 448, quoting *People v. Pujoue* (1975), 61 Ill. 2d 335, 339.) The information here was sufficient in this respect because it specifically described the offense charged and the conduct giving rise to the State's prosecution of the defendant.

The defendant argues that his conviction should be reversed even though he has waived the statute of limitations argument on appeal.

The defendant claims he was denied the effective assistance of counsel due to defense counsel's failure to file in the trial court a motion to dismiss the indictment on statute of limitations grounds. We agree.

A defendant claiming he was denied the effective assistance of counsel must demonstrate that defense counsel's conduct was professionally deficient or objectively unreasonable and a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 688, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068.) The Appellate Court, Fifth District, has held that, where the charging instrument shows on its face that the offense was committed beyond the limitations period and fails to allege facts invoking exclusion from the statute of limitations, defense counsel's failure to move to dismiss the charges can constitute ineffective representation. (*People v. Meier* (1992), 223 Ill. App. 3d 490, 492.) Similarly, this court has held that defense counsel's failure to seek discharge of his client under the speedy trial act (Ill. Rev. Stat. 1991, ch. 38, par. 103—5 (now 725 ILCS 5/103—5 (West 1992))) can, in certain situations, constitute ineffective representation. *People v. Howard* (1985), 130 Ill. App. 3d 967, 973.

■ We conclude that a defense counsel's failure to file a motion to dismiss where the charging instrument fails to allege that the offense was committed within the limitations period or invoke an exception to the statute of limitations could constitute ineffective assistance of counsel. A motion to dismiss in this situation would at the very least require the State to amend the information to allege an exclusion from the statute of limitations if it is able to do so. We note that there may be situations where defense counsel's decision not to file a motion to dismiss could be considered a matter involving the exercise of judgment, discretion, or trial tactics. For example, in *People v. Thompson* (1978), 66 Ill. App. 3d 141, the defendant was convicted of a misdemeanor offense. The State commenced the prosecution of that offense after the limitations period for misdemeanors had run, but before the limitations period for felonies had run. The *Thompson* court noted that the defendant could have been charged alternatively with a felony offense based on the same conduct that gave rise to the misdemeanor conviction. The court concluded, therefore, that defense counsel's determination of whether to attack the information on statute of limitations grounds would have included a consideration of the risk of a future felony prosecution based on the same conduct. Therefore, counsel's decision not to file a motion to dismiss "was well within the

purview of a proper exercise of his judgment." *Thompson,* 66 Ill. App. 3d at 142.

There is nothing in the record in the instant case indicating that defense counsel's failure to file a motion to dismiss could have resulted from a tactical decision on his part. In the absence of circumstances similar to those in *Thompson,* counsel's failure to take action which may result in outright dismissal of the charges against his client cannot be considered one of those matters of trial strategy or tactics that almost invariably has no bearing on the issue of counsel's competency. See *People v. Atkins* (1987), 161 Ill. App. 3d 600, 609.

The defendant admits that one reason it took almost four years to bring him to trial was that he failed to appear in court. The State argues that had it been given the opportunity to amend the information it could have alleged facts that would have invoked an exclusion from the statute of limitations. One of those exclusions provides that "[t]he period within which a prosecution must be commenced does not include any period in which \*\*\* [t]he defendant is not usually and publicly resident within this State." (Ill. Rev. Stat. 1991, ch. 38, par. 3—7(a) (now 720 ILCS 5/3—7(a) (West 1992)).) There is nothing in the record indicating that the defendant was not "usually and publicly resident" within Illinois at any time between April 12, 1988, and February 19, 1992. For example, the presentence report and other documents filed in this case indicate that the defendant resided with his brother in Chicago, Illinois, during the time immediately prior to his arrest in Cook County. The defendant's failure to appear in court, standing alone, does not toll the limitations period, and it certainly does not excuse the more than 3½-year delay in filing the information.

The State's reliance on subsection (c) of the tolling provision (Ill. Rev. Stat. 1991, ch. 38, par. 3—7(c) (now 720 ILCS 5/3—7(c) (West 1992))) is wholly misplaced. That provision tolls the running of the limitations period for the time in which a prosecution is pending against the defendant for the same conduct, even if the charging instrument that initiated the prosecution is later found to be invalid or the proceedings on that instrument are set aside or reversed on appeal. There was no prosecution pending against the defendant here, however, until the State filed the information on February 19, 1992. See Ill. Rev. Stat. 1991, ch. 38, par. 111—2(a) (now 725 ILCS 5/111—2(a) (West 1992)) (all prosecutions of felonies shall be by information or by indictment).

We note that this case is distinguishable from *People v. Wasson* (1991), 211 Ill. App. 3d 264, upon which the State relies. In *Wasson,*

the court refused to reverse the defendant's conviction because the defendant failed to file a pretrial motion to dismiss alleging a violation of the statute of limitations. (*Wasson*, 211 Ill. App. 3d at 275.) The parties did not raise and the court never addressed an ineffective assistance of counsel issue. Even if an ineffective assistance claim had been raised, it is clear that the defendant in *Wasson* would not have been able to establish the prejudice necessary to succeed on such a claim. The original indictment in *Wasson* was filed in 1985. In the first appeal, the reviewing court reversed the defendant's conviction because the information alleged that the offense was committed before the effective date of the statute under which he was convicted. (See *People v. Wasson* (1988), 175 Ill. App. 3d 851.) The State filed an amended information in 1989 that alleged the same conduct as the 1985 information, but cured the defect in that earlier information. The court noted that if the defendant had filed a motion to dismiss, the State would have been able to amend the 1989 information to allege facts invoking subsection (c) of the tolling provision (Ill. Rev. Stat. 1991, ch. 38, par. 3—7(c) (now 720 ILCS 5/3—7(c) (West 1992))). *Wasson*, 211 Ill. App. 3d at 275.

It not clear from the record in this case whether the State could have staved off outright dismissal of the charges by relying on one of the exceptions to the statute of limitations. Therefore, we are unable to conclude with any degree of certainty that the result of the proceedings in the trial court would not have been different even if defense counsel had filed a motion to dismiss. Accordingly, we conclude that the defendant was denied the effective assistance of counsel. On remand, the State will have an opportunity to amend the information, if it is able to do so, to allege facts that would toll the running of the statute of limitations. See *People v. Cray* (1991), 209 Ill. App. 3d 60, 65 (dismissal of charging instrument for failure to include tolling information does not prevent the refiling of the charges).

For all of the foregoing reasons, we reverse the defendant's conviction of felony retail theft and remand the cause for a new trial.

Reversed and remanded.

McLAREN and DOYLE, JJ., concur.