# Illinois Official Reports

## Appellate Court

---

### *People v. Lutter*, 2015 IL App (2d) 140139

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT LUTTER, Defendant-Appellant. |
| | |
| District & No. | Second District<br>Docket No. 2-14-0139 |
| | |
| Filed | May 18, 2015 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 13-DT-3074; the Hon. Liam C. Brennan, Judge, presiding. |
| | |
| Judgment | Reversed. |
| | |
| Counsel on Appeal | Donald J. Ramsell, of Ramsell & Associates, LLC, of Wheaton, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
                         Justice Spence specially concurred in the judgment, with opinion.
                         Justice Burke dissented, with opinion.


**OPINION**

¶ 1        Following a bench trial, defendant, Scott Lutter, was found guilty of reckless driving (625 ILCS 5/11-503(a)(1) (West 2012)). He appeals, contending that the information charging him with this offense was filed outside the statute of limitations and that the State failed to prove beyond a reasonable doubt that an exception to the statute of limitations applied. We reverse.

¶ 2        On September 19, 2013, the State filed an information charging defendant with driving under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2012)), leaving the scene of a property-damage accident (625 ILCS 5/11-402(a) (West 2012)), reckless driving (625 ILCS 5/11-503(a)(1) (West 2012)), failure to notify the Secretary of State of a change of address (625 ILCS 5/3-416(a) (West 2012)), and reckless conduct (720 ILCS 5/12-5(a) (West 2012)). The information alleged that the offenses occurred on January 10, 2012. It further alleged that the limitations period was tolled while case No. 12-DT-189 was pending.

¶ 3        The matter proceeded to a bench trial, where Dejan Gakovic testified that on January 10, 2012, his car was stopped at a railroad crossing in Bensenville. The gates were down as a train was passing. He felt a bump as another car hit him from behind. He identified defendant as the other car's driver. After defendant hit his car a total of six times, Gakovic called the police. When the gates went up, defendant went around him on the right.

¶ 4        Officer Stephens testified that he responded to a report of a vehicle being pushed into a train. He arrived at the intersection and saw a vehicle that appeared to be pushing another toward the passing train. When the gates went up, defendant's vehicle passed the other car on the right shoulder and continued across the railroad tracks, where Stephens eventually stopped it.

¶ 5        After the State rested, defendant moved for a judgment of acquittal. Defense counsel argued that, because the information showed on its face that it was filed beyond the statute of limitations, the State had to prove, as an element of its case, a statutory exception that would toll the limitations period, but had not done so. The State, citing *People v. Gray*, 396 Ill. App. 3d 216 (2009), argued that defendant had forfeited the issue by not raising it in a motion to dismiss. The trial court denied the motion and found defendant guilty of reckless driving. The court denied defendant's motion for a new trial and sentenced him to court supervision. Defendant timely appeals.

¶ 6        Defendant's brief lists three separate issues, but all relate to the same point: that the State did not prove beyond a reasonable doubt an event that tolled the limitations period. Defendant was charged with five misdemeanors. Generally, the State must commence a prosecution for a misdemeanor within one year and six months after the offense was committed. 720 ILCS 5/3-5(b) (West 2012). The limitations period may be either tolled or extended for various reasons, including when "[a] prosecution is pending against the defendant for the same conduct." 720 ILCS 5/3-7(c) (West 2012).

¶ 7    A long line of Illinois cases holds that, "[w]here an indictment on its face shows that an offense was not committed within the applicable limitation period, it becomes an element of the State's case to allege and prove the existence of facts which invoke an exception to the limitation period." *People v. Morris*, 135 Ill. 2d 540, 546 (1990). *Morris* held that the issue is like "the other elements which the State must prove, such as the elements of the offense with which a defendant is being charged." *Id.*

¶ 8    Here, although the information vaguely alleged facts that would arguably toll the limitations period, the State offered no evidence whatsoever of those facts during the trial. Thus, defendant's motion for acquittal was well taken and should have been granted.

¶ 9    Under *Morris*, the State had to not only allege, but prove, those facts, as they became an element of its case. *Id.* Although few cases have dealt with the State's failure to prove an exception to the statute of limitations, courts have reversed convictions where the State did not offer such evidence at trial. See *People v. Ross*, 325 Ill. 417, 420 (1927) ("It being incumbent upon the prosecution to allege the existence of facts which bring the case within the exception to the Statute of Limitations, the burden of proving the allegation necessarily follows."); *People v. Whittington*, 143 Ill. App. 438, 440-41 (1908).

¶ 10   The State argues, and the trial court held, that the State was relieved of its burden because defendant did not move to dismiss the information on limitations grounds under section 114-1(a)(2) of the Code of Criminal Procedure of 1963. 725 ILCS 5/114-1(a)(2) (West 2012). Section 114-1(a) provides for the dismissal of a charging instrument before trial on various grounds. 725 ILCS 5/114-1(a) (West 2012). That section further provides that a motion to dismiss must be filed within a reasonable time after the defendant has been arraigned and that any "motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor *** are waived." 725 ILCS 5/114-1(b) (West 2012). The State concludes that, because defendant did not file a motion before trial raising the limitations defense, he forfeited it. Defendant contends that to require him to file a motion to dismiss violates his due process rights because it shifts the burden of proof. We agree with defendant.

¶ 11   The State's argument fails to account for *Morris*'s holding that the exception became an element of the State's case. Because this is so, defendant could not forfeit the issue by failing to raise it pretrial. A defendant is entitled to " 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' " *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000) (quoting *United States v. Gaudin*, 515 U.S. 506, 510 (1995)). The State always has the burden of proving beyond a reasonable doubt the elements of the crime charged and it is improper for the State to attempt to shift the burden of proof to the defendant. *People v. Robinson*, 391 Ill. App. 3d 822, 841 (2009); see also *People v. Peppers*, 352 Ill. App. 3d 1002, 1008 (2004) (defendant may attack sufficiency of the evidence at any time; issue cannot be forfeited). As defendant points out, there is even a pattern jury instruction providing that the State has the burden of proving beyond a reasonable doubt the existence of an exception to the statute of limitations. Illinois Pattern Jury Instructions, Criminal, No. 24-25.23 (4th ed. 2000). Thus, because the exception to the statute of limitations was an element of the State's case, defendant did not forfeit the issue by failing to raise it in a pretrial motion and the State was not relieved of the burden of proving the exception at trial.

¶ 12   We distinguish the present situation from that in *People v. Gwinn*, 255 Ill. App. 3d 628 (1994), where we held that the defendant had to file a motion to dismiss pursuant to section 114-1(a)(2) in order to raise the statute of limitations as a bar to his prosecution. *Gwinn*, 255 Ill.

- 3 -

App. 3d at 631. In *Gwinn*, unlike in the present case, the State did not allege in the charging instrument that the offense was outside the statute of limitations but that there existed an exception to the limitations period. *Gwinn*, 255 Ill. App. 3d at 630-31. In the *Gwinn* situation, the only way a defendant can raise the issue is by filing a motion to dismiss. Then, if the motion to dismiss is denied, the defendant can raise the expiration of the statute of limitations as an affirmative defense at trial and avail himself or herself of the jury instruction.

¶ 13    *Gray*, on which the State relies, does not persuade us otherwise. There, the court held that *Morris*'s requirement "that the State must plead and prove the circumstances justifying either an extension or tolling of the limitation period, should not be interpreted to mean the State has to prove such circumstances to the jury in every case." *Gray*, 396 Ill. App. 3d at 224. The court concluded that "in the majority of cases, including the case before us, the State must prove *to the court* before the trial, upon a challenge by the defendant, typically in the form of a motion to dismiss *** that particular circumstances justify an extension or tolling of the limitation period." (Emphasis in original.) *Gray*, 396 Ill. App. 3d at 224. At such a hearing, the trial court could, if necessary, decide factual issues, and the defendant's only remedy is the dismissal of the charge. *Gray*, 396 Ill. App. 3d at 224.

¶ 14    Initially, we note that *Gray* is distinguishable. There, the defendant *did* raise the limitations issue in a pretrial motion. Thus, to the extent that *Gray* implies that a defendant forfeits the issue by not raising it pretrial, the discussion is purely *dicta*.

¶ 15    Our primary difficulty with *Gray* is more fundamental, however. *Gray*'s holding that the State may "prove" an event tolling the limitations period at a pretrial hearing, which a defendant must request in order to preserve the issue, is difficult to square with *Morris*'s holding that an exception to the limitations period is an element of the State's case that it must plead and prove. *Morris*, 135 Ill. 2d at 546. While *Morris* was concerned with the indictment's allegations, the opinion makes clear that the issue is to be treated like any other element of the State's case. *Morris*, 135 Ill. 2d at 546. Moreover, because the limitations exception is an element of the State's case, a defendant is entitled to have the trier of fact decide the issue. *Apprendi*, 530 U.S. at 477. Here, the trial court was the fact finder, so the State's proof at a pretrial hearing might have been sufficient. However, because the issue is an element of the State's case, defendant did not forfeit the issue by failing to request a pretrial hearing.

¶ 16    *Gray* attempts to justify its holding by baldly asserting that the issue is one of law and that a jury should not decide issues of law. *Gray*, 396 Ill. App. 3d at 224-25. We disagree. We see no reason why issues concerning exceptions to the limitations period should be categorically considered questions of law any more than issues surrounding elements of an offense. For example, in this case the information alleged that the limitations period was tolled during the pendency of case No. 12-DT-189. Whether such a case existed, whether it was filed within the limitations period, and whether it related to the same facts that were the subject of this case are inherently factual questions.

¶ 17    *Gray* cited *Barnett v. Clark*, 113 Ill. App. 3d 1091, 1092-93 (1983), for the proposition that whether a limitations period is tolled is a question of law, but that case does not support its holding. The cited passage reads, "The question of law identified by the trial court for our resolution, and described as one of first impression in Illinois, is whether the two-year limitation contained in section 4 of the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1354) is tolled during the minority of the mother of the illegitimate child." *Barnett*, 113 Ill. App. 3d at 1092-93. Clearly, the construction of a statute that tolls a limitations period is a question of

law. See *Village of Bull Valley v. Zeinz*, 2014 IL App (2d) 140053, ¶ 15 (construction of statute is issue of law). However, that does not mean that every issue that somehow involves tolling a limitations period is one of law. At least as far as the record shows, the issue in this case would not have required the trial court to construe the statute and, as noted, the relevant issues surrounding the earlier case would also appear to be factual.

¶ 18    Our research has disclosed two cases in which the principle stated in *Morris* was put into action. In *Ross*, the State adduced proof at trial on the element of an exception to the statute of limitations, and the appellate court reversed the defendant's conviction of assault with a deadly weapon, deeming the evidence of the exception to be insufficient. *Ross*, 325 Ill. at 420. Why the State has the burden of proving the element of the exception to the statute of limitations was explained thusly: statutes of limitations are a bar to prosecution, "an amnesty declaring that after a certain time oblivion shall be cast over the offense" and "the offender may from thenceforth cease to preserve proofs of his innocence, for the proofs of his guilt are blotted out." *Ross*, 325 Ill. at 421. Our supreme court in *Ross* succinctly observed that statutes of limitations "annihilate the State's power to punish and [they] restore the offender's rights to their original status." *Ross*, 325 Ill. at 422.

¶ 19    In *Whittington*, the State alleged in the charging instrument that the offense was outside the statute of limitations but that the period was tolled because of the defendant's absence from the state. *Whittington*, 143 Ill. App. at 440. At trial, the State adduced "very slight and incomplete" evidence of the defendant's absence, and the court plainly stated that the burden was on the State "to prove the fact as set up in the amended information." *Whittington*, 143 Ill. App. at 441. Accordingly, where the limitations period has expired, and where in the charging instrument the State expressly alleges that fact plus some exception, the State can no more shift the burden to the defendant than it could as to any other element of the offense.

¶ 20    We are well aware of the principle that a statute of limitations is a defense. See, *e.g.*, *People v. Polk*, 21 Ill. 2d 594, 599 (1961) ("The Statute of Limitations is a defense which may or may not be urged by a defendant."). However, though the expiration of a statute of limitations is a defense, *Morris* establishes that an *exception* to a statute of limitations is an "element of the State's case." *Morris*, 135 Ill. 2d at 546. Here, in the information, the State alleged an exception to the statute of limitations. The State thus complied with *Morris*'s requirement that it "allege" the exception. See *Morris*, 135 Ill. 2d at 546. But *Morris* also required the State to "prove" it, along with the other elements of the State's case. See *Morris*, 135 Ill. 2d at 546. Thus, the question here is not whether, by failing to move to dismiss, defendant forfeited a defense; it is whether, by failing to move to dismiss, he forfeited the State's burden of proving an element of its case. And, as we noted, a defendant *cannot* forfeit that burden. For this reason, the dissent's citation of *Smith v. United States*, 568 U.S. ___, 133 S. Ct. 714 (2013), is misplaced. *Smith*, like *Polk*, involved a statute-of-limitations defense rather than an exception to the statute of limitations.

¶ 21    The dissent casts *Morris*, rather than *Gray*, as the outlier. However, *Morris* is part of a 138-year-old rule providing that the State has the burden to plead and prove an exception to the statute of limitations. The rule was fashioned by our supreme court and was necessitated by the presumption of innocence. The rule, which we are bound to follow, requires that we recognize the distinction between the running of the statute of limitations, which bars prosecution, and exceptions to the statute of limitations, which keep an otherwise moribund prosecution alive.

This distinction is not offensive, as the dissent charges, unless the presumption of innocence is offensive.

¶ 22    Very early, our supreme court distinguished between bad indictments, which are subject to being quashed, and good indictments, which are not. In *Garrison v. People*, 87 Ill. 96, 97 (1877), our supreme court stated that an indictment that showed on its face that the offense was committed outside of the statute of limitations, *and that did not allege an exception*, was "clearly bad, and ought to have been quashed." The court's clear meaning was that, if the indictment alleges an exception, it ought not be quashed.

¶ 23    The court in *Ross* made the leap from pleading to proof: "It being incumbent upon the prosecution to allege the existence of facts which bring the case within the exception to the Statute of Limitations, the burden of proving the allegation necessarily follows." *Ross*, 325 Ill. at 420. In *Ross*, the prosecution failed to prove the exception, but the court nevertheless remanded for a new trial, never explaining why it did not reverse outright. Perhaps that was because it would be another two years before our supreme court stated that a charging document's allegation of an exception to the statute of limitations is a "material" allegation, which the State is bound to prove. *People v. Stajduhar*, 335 Ill. 412, 413 (1929). A "material" allegation in a pleading is an assertion that is essential to the charge. Black's Law Dictionary 82 (8th ed. 2004). *Stajduhar* plowed the ground for *Morris*, where the court unequivocally held that a charging document's allegation of an exception to the statute of limitations becomes an "element of the State's case," which, "[a]s with the other elements," the State must prove. *Morris*, 135 Ill. 2d at 546.

¶ 24    The dissent concedes that *Morris* so holds, but it is uncomfortable with reading the language literally. Instead, it expounds a rationale that is wholly absent from our supreme court's analysis. Nowhere does the court in *Morris* hint, suggest, or insinuate that pleading an exception to the statute of limitations is a "jurisdictional imperative," which is the reason that the dissent does not include a cite to *Morris* for its assertion. *Infra* ¶ 49. As stated above, *Morris* is the fruit of *Garrison*, *Ross*, and *Stajduhar*, and those cases did not couch the requirement in terms of jurisdiction, either. Rather, *Morris* makes clear that the purpose of pleading the exception with specificity is so that the defendant can prepare his defense (*Morris*, 135 Ill. 2d at 547), not so that the defendant can prepare a motion to dismiss, or merely be put on notice that the statute of limitations has not expired.

¶ 25    The notion that *Morris* and its predecessors require notice that the State is relying on an exception to the statute of limitations only so that a defendant can bring a section 114-1 motion to dismiss is refuted by two well-established rules: (1) the State bears the burden of proving that the offense occurred within the applicable statute of limitations (*People v. Blitstein*, 192 Ill. App. 3d 281, 284 (1989)) and (2) the sufficiency of the State's evidence is not a ground on which to challenge an indictment (*People v. Sparks*, 221 Ill. App. 3d 546, 549 (1991)). Where the State must rely on an exception to the statute of limitations to bring the prosecution, its failure to prove the exception means that the State failed to prove that the offense occurred within the limitations period. Additionally, placing the burden on the defendant to move to dismiss a facially and legally sufficient indictment improperly requires the defendant to challenge the sufficiency of the State's evidence on a motion to dismiss. Thus, the dissent would rewrite our criminal law in the service of relieving the State of its burden to prove its case. No doubt it is just as inconvenient to require the State to prove the value of merchandise alleged to have been stolen in a theft prosecution or to prove monetary damages in a

prosecution for criminal damage to property. Victims do not always keep receipts or know the value of their belongings, so why not place the burden on the defendant to move to dismiss if he or she disagrees with the allegations in the indictment?

¶ 26 Far from having doubts about *Morris*, our supreme court affirmed it in *People v. Thingvold*, 145 Ill. 2d 441 (1991). In response to the *Garrison-Ross-Stajduhar-Morris-Thingvold* rule, the legislature could have abrogated it, but it has not done so. Where our supreme court took 138 years to forge the rule, and where our legislature has not touched it in 138 years, it ill behooves the appellate court to undo it.

¶ 27 Our supreme court has never endorsed the dissent's proposition that a defendant must move to dismiss an indictment that is sufficient on its face and not subject to a legal challenge. When the State urged that Illinois should adopt a rule that limitation-tolling facts need not be alleged in a charging document, our supreme court rejected that notion. *People v. Strait*, 72 Ill. 2d 503, 506 (1978). The court made clear that a charging document that does not allege that the crime was committed within the period fixed by the statute of limitations is subject to dismissal. *Strait*, 72 Ill. 2d at 505. *Alternatively*, the court said that an insufficient charging document can be amended to remove the grounds for dismissal. *Strait*, 72 Ill. 2d at 506. The obvious and commonsense interpretation is that a charging document that is not subject to a legal challenge is not subject to a motion to dismiss.

¶ 28 The dissent's reliance on *People v. Chenowith*, 2015 IL 116898, and *People v. Covelli*, 184 Ill. App. 3d 114 (1989), does not weaken our position, because those cases are inapposite. In *Chenowith*, which involved a prosecution for financial exploitation of an elderly person, the defendant moved to dismiss the indictment on the ground that the State failed to commence the prosecution within the statute of limitations. *Chenowith*, 2015 IL 116898, ¶ 14. In response, the State filed an information alleging that the statute of limitations had not expired, because it was extended by a statutory provision allowing commencement of the prosecution within one year after the State's Attorney discovered the offense. *Chenowith*, 2015 IL 116898, ¶ 14. The defendant moved to dismiss the information, contending that the charges were filed after the extended limitations period had expired. *Chenowith*, 2015 IL 116898, ¶ 15. The question raised by the motion to dismiss was the meaning of the statutory phrase, "discovery of the offense," which was a question of law requiring statutory construction. *Chenowith*, 2015 IL 116898, ¶ 20. Similarly, in *Covelli*, the defendant's motion to dismiss the indictment raised only a question of law involving statutory construction. *Covelli*, 184 Ill. App. 3d at 120-22. Neither of these cases supports the dissent's view that defendant in our case had to move to dismiss a charging instrument that was facially sufficient and was not subject to a legal challenge.

¶ 29 We believe that our conclusion that defendant was not required to file a motion to dismiss is bolstered by the Third District's recent opinion in *In re S.M.*, 2015 IL App (3d) 140687, ¶¶ 21-22, where the court held that the juvenile respondent's failure to move to dismiss the delinquency petition did not constitute a judicial admission that the respondent was under the age of 18, which was an element of the offense with which the respondent was charged, and did not waive the State's obligation to prove this element at trial.

¶ 30 Because the tolling of the limitations period was an element of the State's case that it had to prove beyond a reasonable doubt at trial, and because it failed to do so, we reverse the judgment of the circuit court of Du Page County.

¶ 31    Reversed.

¶ 32    JUSTICE SPENCE, specially concurring.

¶ 33    I write separately to explain that, although the dissent raises legitimate concerns over treating an exception to the statute of limitations as an element that the State must prove, I believe that our supreme court's decision in *People v. Morris*, 135 Ill. 2d 540 (1990), dictates the result in this case.

¶ 34    In *Morris*, the State added various counts to the indictment after the expiration of the statute of limitations. *Id.* at 543. The State admitted that the counts failed to allege any facts invoking an exception to the limitations period, but it asked the supreme court to reconsider its decision in *People v. Strait*, 72 Ill. 2d 503, 504-05 (1978). *Morris*, 135 Ill. 2d at 543. The supreme court's decision in *Strait* had reaffirmed the " 'long-established rule that if [an] indictment or information shows on its face that the offense was not committed within the period of limitation facts must be averred which invoke one of the exceptions contained in the statute.' " *Id.* (quoting *Strait*, 72 Ill. 2d at 504-05). The *Morris* court declined the State's request, holding that *Strait* was still controlling precedent.

¶ 35    However, *Morris* went on to state, "[w]here an indictment on its face shows that an offense was not committed within the applicable limitation period, it becomes an element of the State's case to allege and prove the existence of facts which invoke an exception to the limitation period. [Citations.] As with the other elements which the State must prove, such as the elements of the offense with which a defendant is being charged," the State is to identify the grounds for the exception "with sufficient specificity to enable [the defendant] to defend against them." (Internal quotation marks omitted.) *Id.* at 546. Accordingly, *Morris* was the first supreme court case to go beyond the rule that the State must invoke an exception in a case where the offense is outside the statute of limitations. Not only is the State required to allege an exception to the statute of limitations, *Morris* elevated the exception to the level of an element that the State must prove as part of its case.

¶ 36    As the dissent points out, treating a statute-of-limitations exception as an element of the State's case is problematic. *Infra* ¶ 45. This is because the statute of limitations has traditionally been characterized as a defense that a defendant may forfeit. See *People v. Polk*, 21 Ill. 2d 594, 599 (1961) (the statute of limitations is a defense that a defendant may or may not urge). This was true even in cases where the State failed to allege an exception to the statute of limitations, but should have. In such cases, the defendant could still forfeit the defense by failing to file a motion to dismiss. *Infra* ¶ 47 (citing *People v. Gwinn*, 255 Ill. App. 3d 628 (1994), *People v. Wasson*, 211 Ill. App. 3d 264 (1991), *People v. Williams*, 79 Ill. App. 3d 806 (1979), and *People v. Speller*, 46 Ill. App. 3d 208 (1977)). *Morris* results in disparate approaches: the statute of limitations is a defense if the State does not allege it, but it is an element if it does.

¶ 37    The element/defense dichotomy created by *Morris* benefitted defendant here. Defendant sat silent and then sandbagged the State by appealing the State's failure to prove, beyond a reasonable doubt, the element of the exception to the statute of limitations. Again, had the statute of limitations been considered a defense as opposed to an element, however, defendant's failure to file a motion to dismiss under section 114-1(a)(2) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a)(2) (West 2012)) would have resulted in forfeiture. See *People v. Gray*, 396 Ill. App. 3d 216 (2009) (holding that, under

section 114-1(b) of the Code, the defendant forfeited the defense by failing to file a motion to dismiss under section 114-1(a)(2)). Rather than requiring the State to prove the exception beyond a reasonable doubt, the burden would have been on defendant to assert the defense. See *Smith v. United States*, 568 U.S. ___, ___, 133 S. Ct. 714, 719 (2013) (while the government must prove beyond a reasonable doubt every fact necessary to constitute the crime with which the defendant is charged, the government has no constitutional duty to overcome an affirmative defense beyond a reasonable doubt).

¶ 38    Defendant is receiving a windfall in this case, which, as the dissent correctly states, is "offensive to a legal system that should uphold the rule of law over procedural sleight of hand" (*infra* ¶ 59), and which runs counter to the purpose of the statute of limitations. See *People v. Macon*, 396 Ill. App. 3d 451, 456 (2009) ("The purpose of providing limitations periods for offenses is to minimize the danger of punishment for conduct that occurred in the distant past, to encourage the State to be diligent in its investigation and to provide the trier of fact with evidence that is fresh and not distorted or diluted by the passage of time.").

¶ 39    Whether the *Morris* court intended to elevate a statute-of-limitations exception to an element is not a question that this court has the authority to answer. See *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 23 (appellate courts are bound to follow decisions of the supreme court and have no authority to overrule or modify them). We are bound by *Morris*, and given the State's lack of proof as to the exception, regrettably we must reverse.

¶ 40    JUSTICE BURKE, dissenting.

¶ 41    The majority's analysis in this case consistently returns to one point, that in *Morris* our supreme court stated that an exception to the statute of limitations is an element which the State must allege and prove. *Morris*, 135 Ill. 2d at 546. I believe that this statement must first be viewed in the context of that case.

¶ 42    In *Morris*, the defendant filed a pretrial motion to dismiss certain counts of the indictment because the State failed to allege facts showing that the statute of limitations had not been violated. That motion was denied. On review, the supreme court held that, where an indictment on its face shows that an offense was not committed within the applicable limitations period, an exception to the statute of limitations becomes an element that the State must allege and prove. *Id*.

¶ 43    *Morris* was concerned with a deficiently pled charging instrument that did not enable the defendant to prepare a *defense* to the statute-of-limitations exception. *Id*. at 547-48. The case did not deal with insufficient proof of the exception or whether such insufficient proof would result in an acquittal. The supreme court remanded the matter to the appellate court to determine whether the evidence adduced at trial was sufficient to support the conviction for double jeopardy purposes as, on remand to the trial court, the State would be free to reindict the defendant for the same charges with the addition of any statute-of-limitations exception averment. *Id.* at 548-51.

¶ 44    The majority states that I concede that *Morris* holds that the exception is an element that must be proven. Actually, *Morris* holds that an indictment should be dismissed upon the defendant's motion if an exception is required and not pled.[1]

¶ 45    Treating a statute-of-limitations exception as an element of the State's case is problematic for several reasons. While, like in *Morris*, the supreme court has labeled an exception as an element, the court has also characterized it as a defense to a criminal charge. In *Polk*, 21 Ill. 2d at 599, the supreme court stated, "[t]he Statute of Limitations is a defense which may or may not be urged by a defendant." The issue then is whether raising the statute of limitations as a bar to prosecution is an affirmative defense or whether any limitations exception becomes an element, as argued by defendant in this case. Here, the trial court followed the Fourth District's opinion in *Gray*, holding that, under section 114-1(b) of the Code, defendant forfeited this defense by failing to file a motion to dismiss pursuant to section 114-1(a)(2). 725 ILCS 5/114-1(b) (West 2012).

¶ 46    The majority takes literally the language from *Morris* that, where an indictment on its face shows that the offense is outside the statute of limitations, any exception becomes an element of the State's case to plead and prove. The majority's many references to the presumption of innocence and the State's burden of proof are absolutely correct if this is an element of the charged offense. If this is truly an element, it would never be subject to forfeiture. Where a charge does not state an offense, a failure to file a motion to dismiss does not forfeit the objection. See 725 ILCS 5/114-1(b) (West 2012) (forfeiture does not apply to section 114-1(a)(8)). Also, a challenge to the sufficiency of the evidence may be raised for the first time on direct appeal and is not subject to the forfeiture rule. *People v. Cowans*, 336 Ill. App. 3d 173, 176 (2002) (citing *People v. Enoch*, 122 Ill. 2d 176 (1988)).

¶ 47    Reviewing courts have consistently applied the forfeiture rule to situations where a defendant has failed to challenge a charging instrument that, on its face, alleged an offense outside the applicable limitations period. See *People v. Gwinn*, 255 Ill. App. 3d 628 (1994); *People v. Wasson*, 211 Ill. App. 3d 264 (1991); *People v. Williams*, 79 Ill. App. 3d 806 (1979); *People v. Speller*, 46 Ill. App. 3d 208 (1977). This is quite simply because, had each of these defendants raised the statute of limitations as a viable defense to the prosecution, the State would have been allowed to reindict the defendant and allege an exception or present parol evidence to rebut the defense. See *Gray*, 396 Ill. App. 3d at 224 ("[the] State has the option to amend or refile the charges"); see also *People v. Switalski*, 394 Ill. 530, 534-35 (1946) ("If [defendant] had raised this question at the trial by a motion to quash, the prosecution could have introduced parol evidence to prove the identity of the two offenses. *** On this state of the record the People cannot be prejudiced by failing to produce parol evidence of the identity of the offenses."). If the statute of limitations is an element, it is not subject to forfeiture. Contrarily, if it is a defense, it may be forfeited.

¶ 48    The majority, recognizing this conundrum, posits that the statute of limitations is a defense, whereas an exception to the statute of limitations is an element. The problems with this theory are that it is unsupported by any authority and that it flies in the face of the very language of *Morris* upon which the majority relies. *Morris* unequivocally states that, any time an indictment on its face shows that the offense was committed outside the limitations period, the

_____

[1]This is the same holding in *Thingvold*, 145 Ill. 2d 441, which is cited by the majority in paragraph 26.

State must allege and prove an exception as an element. This "element" language applies to any indictment that on its face violates the statute of limitations. This means that any case that holds a defendant to his or her forfeiture is simply wrong.

¶ 49 The broad language of *Morris* can be viewed as stating that it is a jurisdictional imperative to plead and prove an exception to the statute of limitations where the indictment on its face violates that statute. In *Williams*, 79 Ill. App. 3d 806, the First District Appellate Court discussed the disparate views taken by courts concerning the forfeiture of statutes of limitations. The court noted that, where the statute is considered to be jurisdictional, it may be raised at any time. On the other hand, where the statute is treated as an affirmative defense, it is generally held to be forfeitable. *Id*. at 807. The court noted that, in Illinois, jurisdiction is conferred by the constitution, which grants circuit courts original jurisdiction over all justiciable matters. *Id*.; see *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 337 (2002). Because the trial court clearly had jurisdiction over the charged offense, the limitations statute became a matter of affirmative defense, which may be forfeited. *Williams*, 79 Ill. App. 3d at 808; see *Smith*, 568 U.S. at ___, 133 S. Ct. at 720 (in a conspiracy case the Supreme Court treated the statute-of-limitations claim as an affirmative defense and "not an element of the conspiracy offense"); *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135 (1917) ("The statute of limitations is a *defense* and must be asserted *** by the defendant in criminal cases [citation], and the form of the statute in Illinois, which appellant seeks to rely upon, makes it especially necessary that the *claimed* defense of it should be heard and decided by the courts of that state [citations]." (Emphases added.)).

¶ 50 As previously stated, *Morris* dealt specifically with a challenge to the charging instrument and not the sufficiency of the evidence adduced at trial on the statute-of-limitations exception. The majority relies on *Ross* and *Whittington* as cases where the principles from *Morris* were put into action. In both cases, the State alleged in the charging instrument an exception to the statute of limitations. In *Ross*, the supreme court held that the evidence on this allegation was insufficient. *Ross*, 325 Ill. at 423. In *Whittington*, the Fourth District Appellate Court determined that the evidence relating to the allegation was "very slight and incomplete" and that the instructions were defective for failing to present this issue to the jury. *Whittington*, 143 Ill. App. at 441. A perplexing twist that adds to the confusion on this issue is that both cases were remanded. In *Ross*, the supreme court specifically remanded the case for a new trial. If, in fact, the State failed to meet its burden of proving the statute-of-limitations exception as an element, the convictions would have been reversed outright for failure to prove each and every element of the offense beyond a reasonable doubt. The majority's attempt to explain the holding in *Ross* is strained. Apparently, in 1927 (*Ross*) the exception was an element that must be pled and proven, but in 1929 (*Stajduhar*) it became a "material" element such that a failure of proof would result in an acquittal of all charges. *Ross* would be the only reported case where an element of a criminal offense was not considered "material." The bottom line is that the only supreme court cases that deal with the exact issue presented here are confused and do not unequivocally support the majority's outright reversal of defendant's conviction.

¶ 51 Justice Miller's discussion of venue in his special concurrence in *People v. Adams*, 161 Ill. 2d 333, 346 (1994) (Miller, J., specially concurring, joined by McMorrow, J.), is instructive. He noted that case law characterized venue as a material averment of a charge, to be established by proof beyond a reasonable doubt. *Id*. at 349. He stated that venue is not defined

as an element of any offense in Illinois and that the requirement that it be established by proof beyond a reasonable doubt is a judicially created construct. *Id*. at 349-50.

¶ 52　　It is unclear from the supreme court's language, labeling the statute of limitations as an element on one hand and a defense on the other, whether this is even a clear judicially created construct. What is clear, however, is that a statute of limitations is not an element of any offense in Illinois. Retail theft, as described in the majority's analogy, is a clear example of the legislature exercising its authority by setting value as an element of an offense that the State must prove at trial. Conversely, the legislature requires a defendant seeking relief from prosecution to invoke the statute-of-limitations defense before trial.

¶ 53　　The majority states that its conclusion that defendant was not required to file a motion to dismiss is bolstered by *In re S.M.* In *S.M.*, the respondent was charged in a juvenile petition with the offense of unlawful possession of a concealable handgun, which makes it illegal for a person under 18 years of age to possess any firearm of a size that can be concealed upon the person. *S.M.*, 2015 IL App (3d) 140687; see 720 ILCS 5/24-3.1(a)(1) (West 2012). The State failed to present at trial any evidence of the respondent's age. The appellate court held that the respondent's failure to challenge the juvenile court's jurisdiction could not be construed as an admission to his age, which was an element that the State was obligated to prove. Unlike our case, *S.M.* involved a legislatively prescribed element of the charged offense. What is noteworthy is that the *S.M.* court pointed out that in a juvenile proceeding the respondent's age (like the statute-of-limitations exception in the present case) is a nonjurisdictional matter that may be forfeited. *S.M.*, 2015 IL App (3d) 140687, ¶ 22.

¶ 54　　In discussing venue, Justice Miller indicated that this important right was procedural rather than substantive, and one that a defendant may be required to invoke prior to trial. *Adams*, 161 Ill. 2d at 354 (Miller, J., specially concurring, joined by McMorrow, J.). He noted that section 114-1 provided the tools necessary for a defendant to make this challenge, including providing for an evidentiary hearing when disputed questions of fact exist. *Id*. Here, the majority holds that the exception presented in this case, that a case involving the same conduct was pending, creates a question of fact. Identity of offenses can be established by comparison of the charging instruments or by parol evidence. *People v. Hobbs*, 361 Ill. 469, 470 (1935). If the trial court could resolve the issue by simply comparing the charging documents, no factual question would arise. Even if parol evidence is necessary, the trial court is statutorily authorized to conduct an evidentiary hearing on a motion filed by the defendant. 725 ILCS 5/114-1(d) (West 2012).

¶ 55　　A statute of limitations is a matter of legislative grace. See *Ross*, 325 Ill. at 421. The legislature has the authority to set limitations periods and exceptions. See *People v. Liebling*, 36 Ill. App. 3d 1073, 1075-76 (1976). It is only logical that the legislature may establish the procedure for challenging a charge based on the statute, which the legislature accomplished in section 114-1(a)(2) of the Code. Should a defendant not file a timely section 114-1(a)(2) motion, challenging the State's ability to prosecute under the statute of limitations, that challenge is forfeited. 725 ILCS 5/114-1(b) (West 2012). See *People v. Williams*, 981 P.2d 42, 47 (Cal. 1999) (where the California Supreme Court noted that the legislature is free to adopt a statute-of-limitations forfeiture rule at any time). This was at the heart of the holdings in those cases where courts determined that the defendants had forfeited any statute-of-limitations claims. It is incongruous that a defendant need not make a pretrial challenge to a statute-of-limitations exception when the State is diligent in presenting the exception, whereas

a defendant forfeits such a challenge if he or she fails to object when the State is not diligent in this regard.

¶ 56   A limitations period is a statutory procedural bar to prosecution. Like other such bars to prosecution, a challenge must be made before trial, pursuant to section 114-1. See *People v. Wigman*, 2012 IL App (2d) 100736, ¶ 28 (speedy trial); *People v. Kaye*, 154 Ill. App. 3d 562, 567-68 (1987) (effect of former prosecution). Should such a challenge succeed, the trial court does not enter a finding of not guilty, it dismisses the charges. *Gray*, 396 Ill. App. 3d at 224; see *Smith*, 568 U.S. at ___, 133 S. Ct. at 720 ("although the statute of limitations may inhibit prosecution, it does not render the underlying conduct noncriminal"). A dismissal for failure to properly plead gives the State the option to amend or refile the charges. *Id*. A dismissal on the merits gives the State the option of appealing. *People v. Cray*, 209 Ill. App. 3d 60, 63 (1991).

¶ 57   The majority writes, "The obvious and commonsense interpretation is that a charging document that is not subject to a legal challenge is not subject to a motion to dismiss." *Supra* ¶ 27. In *Chenowith*, 2015 IL 116898, the defendant filed a motion to dismiss the indictment, which, on its face, violated the statute of limitations. In response, the State was granted leave to file an amended information alleging facts that placed the indictment within the one-year extended statute of limitations (720 ILCS 5/3-6(a)(2) (West 2004)). The defendant again filed a pretrial motion to dismiss, alleging a statute-of-limitations violation. The supreme court had no comment on what the majority here would find to be an obvious procedural defect in the pretrial proceedings. See *Gray*, 396 Ill. App. 3d 216 (defendant proceeded on a pretrial motion to dismiss the charges, based on a violation of the statute of limitations where the indictment alleged an exception); *Covelli*, 184 Ill. App. 3d 114 (same).

¶ 58   When the State files a charging document, it contains a date of the alleged offense. This date puts the defendant on notice that the charges have been brought within the limitations period. If the defendant believes that the date alleged is incorrect and that the limitations period has been exceeded, he or she must file a motion to dismiss under section 114-1(a)(2), or the issue is forfeited. Likewise, where the charging document alleges an exception to the statute of limitations, the defendant is put on notice that the charges fall within the limitations period, due to the exception. If the defendant has a legitimate challenge to the exception, he must file a motion to dismiss pursuant to section 114-1(a)(2), or the issue is forfeited.

¶ 59   In the present case, it is clear that defendant had no legitimate challenge to the exception pled. In his law review article on this subject, George R. Nock wrote:

> "The technical requirements of pleading the statute of limitations in criminal cases afford some splendid opportunities to use the statute to overturn otherwise successful prosecutions which were not, in fact, barred by limitations. Whatever admiration may be excited by such adroit use of these pleading rules must give way to a realization that such results are offensive to a legal system that seeks to resolve disputes according to rules of law, rather than procedural sleight of hand." George R. Nock, *Pleading the Statute of Limitations in Criminal Cases*, 1977 BYU L. Rev. 75.

¶ 60   The present case was not, in fact, barred by the statute of limitations. An outright reversal of defendant's conviction is offensive to a legal system that should uphold the rule of law over procedural sleight of hand. Respectfully, I would affirm the trial court.