2022 IL App (1st) 192515

FIFTH DIVISION
MARCH 18, 2022

1-19-2515

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 18003 |
| | ) | |
| CESAR PURUNCAJAS, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Connors concurred in the judgment.

## OPINION

¶ 1     On November 4, 2015, a grand jury indicted the defendant-appellant, Cesar Puruncajas on: two counts of predatory criminal sexual assault; one count of criminal sexual assault; and four counts of aggravated criminal sexual abuse, for a total of seven counts. On May 30, 2019, the trial court found Mr. Puruncajas guilty of one count of criminal sexual assault and four counts of aggravated criminal sexual abuse. On August 21, 2019, after a hearing on a motion to reconsider, the court vacated the convictions for the single count of criminal sexual assault and two counts of aggravated criminal sexual abuse. On October 29, 2019, Mr. Puruncajas was sentenced to five years' imprisonment on the remaining convictions for aggravated criminal sexual abuse. Mr. Puruncajas now appeals, alleging that he was charged and convicted for conduct that fell outside the statute of limitations and, as such, his convictions must be vacated. For the following reasons,

we affirm the judgment of the circuit court of Cook County.

¶ 2                                  BACKGROUND

¶ 3     On November 4, 2015, a grand jury indicted Mr. Puruncajas on two counts of predatory criminal sexual assault (counts I and II); one count of criminal sexual assault (count III); and four counts of aggravated criminal sexual abuse (counts IV through VII). The charges alleged that, between the years 1998 and 2006, Mr. Puruncajas, who was born in August 1981, sexually abused his cousin, G.A., who was born in August 1990. After a bench trial, the trial court found Mr. Puruncajas guilty of counts III through VII, which included a single count of criminal sexual assault and four counts of aggravated criminal sexual abuse. Mr. Puruncajas filed a motion to reconsider, arguing in part that the State did not prove the count of criminal sexual assault (count III) nor the two counts of aggravated criminal sexual abuse (counts IV and V), which alleged that Mr. Puruncajas was a family member of the victim, G.A. Mr. Puruncajas' argument in the motion to reconsider was predicated on the fact that Mr. Puruncajas was not a family member of G.A. within the meaning of the statute. The State conceded that assertion. The court then vacated the convictions on counts III through V, as those counts fell within the State's concession. Thus, only the convictions under counts VI and VII for aggravated criminal sexual abuse remained.

¶ 4     Count VI of the indictment alleged that between August 30, 1998, and August 6, 2003, Mr. Puruncajas committed aggravated criminal sexual abuse in that, while he was 17 years of age or older, he knowingly committed "an act of sexual conduct upon G.A., to wit: [Mr. Puruncajas] touched his hand to G.A.'s penis, for the purpose of the sexual gratification or arousal of [Mr. Puruncajas] or G.A., and G.A. was under thirteen (13) years of age when the act was committed." Count VII of the indictment alleged that between August 30, 1998, and August 6, 2003, Mr. Puruncajas committed aggravated criminal sexual abuse in that, while he was 17 years of age or

older, he knowingly committed an act of sexual conduct upon G.A., in that: Mr. Puruncajas "touched his hand to G.A.'s penis, an act separate from the act set forth in the other count, for the purpose of the sexual gratification or arousal of [Mr. Puruncajas] or G.A., and G.A. was under thirteen (13) years of age when the act was committed." Both counts alleged that the relevant statute of limitations was extended pursuant to section 3-6(j) of the Criminal Code of 1961 (Code) (720 ILCS 5/3-6(j) (West Supp. 2003).

¶ 5    On October 29, 2019, the trial court sentenced Mr. Puruncajas to five years' imprisonment for his convictions on each of the two counts, to run concurrently, followed by two years' mandatory supervised release. Mr. Puruncajas did not, at any point prior to his trial or in a posttrial motion, raise any argument pertaining to the statute of limitations for counts VI and VII. Mr. Puruncajas filed a motion to reconsider the sentence and then an amended motion to reconsider, which was denied on November 13, 2019. That same day, Mr. Puruncajas filed his notice of appeal.

¶ 6                                        ANALYSIS

¶ 7    We note that we have jurisdiction to consider this matter, as Mr. Puruncajas filed a timely notice of appeal. See Ill. S. Ct. R. 606 (eff. July 1, 2017).

¶ 8    On appeal, Mr. Puruncajas presents the following issue: whether the trial court erred by finding him guilty of two counts of aggravated criminal sexual abuse, as the statute of limitations had run. Although he now argues the statute of limitations had run on the offenses for which he was convicted, he concedes that he did not raise this issue before the trial court.

¶ 9    If a defendant wishes to raise the statute of limitations as a bar to prosecution, he or she should do so in a written motion to dismiss prior to trial or within a reasonable time after arraignment on the applicable charges. *People v. Gwinn*, 255 Ill. App. 3d 628, 631 (1994). When a defendant fails to object to an error at trial or fails to raise the issue in a posttrial motion, the

issue is forfeited on appeal. *People v. Flores*, 2021 IL App (1st) 192219, ¶ 9. An exception to the forfeiture rule exists in situations where the alleged error rises to the level of plain error. *People v. Roman*, 2013 IL App (1st) 102853, ¶ 19. Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967) provides that "substantial or what have become known as plain errors may be noticed although they were not brought to the attention of the trial court." (Internal quotation marks omitted.) *People v. Sebby*, 2017 IL 119445, ¶ 48. Under the plain error doctrine, a reviewing court may consider forfeited errors if the evidence was closely balanced or "the error was so egregious that [the] defendant was deprived of a substantial right and thus a fair trial." *Roman*, 2013 IL App (1st) 102853, ¶ 19. First, a defendant must prove there was a clear or obvious error. *Roman*, 2013 IL App (1st) 102853, ¶ 19. The burden of persuasion rests with the defendant, and the first step is to determine whether any error occurred. *Roman*, 2013 IL App (1st) 102853, ¶ 19. Accordingly, our analysis of plain error in this case requires us to review whether the applicable statute of limitations had expired by the time Mr. Puruncajas was charged.

¶ 10     In the relevant counts in this case, Mr. Puruncajas was charged and convicted of two incidents of aggravated criminal sexual abuse that had allegedly occurred between August 1998 and August 2003, when G.A. was between 8 and 13 years old. The relevant part of the applicable statute changed three times during that time period. In Public Act 89-462, which *was in effect in August 1998*, the limitation period was three years after the commission of the offense or a year after the victim turns 18 years old. Pub. Act 89-462, art. 2, § 260 (eff. May 29, 1996). Section 3-6(d) of the Code states, in relevant part:

"When the victim is under 18 years of age, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, criminal sexual abuse or *aggravated criminal sexual abuse may be commenced within one year of*

*the victim attaining the age of 18 years. However, in no such case shall the time period for prosecution expire sooner than 3 years after the commission of the offense*." (Emphasis added.) 720 ILCS 5/3-6(d) (West 1996).

¶ 11  Given that the conduct for which Mr. Puruncajas was charged and convicted may have occurred in August 1998, we look at the statute that was in effect at that time. The applicable statute of limitations in effect in August 1998 was *three years after the commission of the offense or one year after the victim turns 18, whichever is greater*. Here, the victim, G.A., was seven or eight years old in August 1998. Therefore, the applicable statute of limitations would not have expired until August 2009, one year after G.A. turned 18.

¶ 12  Mr. Puruncajas nonetheless disputes this and asserts that the applicable statute was section 3-5 of the Code, which had a limitation period of three years. 720 ILCS 5/3-5 (West 1998). He further contends that the three-year statute of limitations had expired as to him before the legislature extended the limitations period. He asserts that the extension of the statute of limitations relied upon by the State did not take effect until July 24, 2003. When a period of the charged conduct falls outside the statute of limitations, the State must show that the conduct outside the statute of limitations falls under an exception. *People v. Toolen*, 116 Ill. App. 3d 632, 652 (1983). If not, the State is barred from pursuing prosecution on that count until the pleadings conform to the appropriate limitations period and the State shows that the alleged conduct occurred within the proper limitations period. See *Toolen*, 116 Ill. App. 3d at 652-53.

¶ 13  It is well established that the legislature cannot enact a statute that reinstates a prosecution after the passage of time has barred such prosecution due to the expiration of the applicable statute of limitations. *Stogner v. California*, 539 U.S. 607, 610, 616-21 (2003). However, to be clear, this bar only applies to prosecutions for conduct for which the statute of limitations has already expired.

"[A] legislative body can extend the period of limitations as to criminal offenses which occurred prior to the effective date of the change without violating the constitutional prohibition against *ex post facto* laws, so long as the extended period does not apply to any case in which the accused has acquired, as of the effective date of the change, a right to acquittal through the running of the original statute." *People v. Anderson*, 53 Ill. 2d 437, 440 (1973).

¶ 14 Assuming, *arguendo*, that the State erred by citing the incorrect effective date of the statute, we look to the history of the statute as part of our analysis to ascertain the magnitude of the error. In our review of the history of the statute in this case, we must determine whether Mr. Puruncajas' right to acquittal had vested when the legislature amended the statute. If so, the State was time-barred from prosecuting him.

¶ 15 On January 1, 2000, the Illinois legislature again amended the law to extend the statute of limitations for aggravated criminal sexual abuse. Public Act 91-475 (Pub. Act 91-475, § 5 (eff. Jan. 1, 2000)), as codified in section 3-6(i) of the Code, provides, in relevant part:

"When the victim is under 18 years of age at the time of the offense and the offender is not a family member as defined in Section 12-12, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse may be commenced *within 10 years of the victim attaining the age of 18 years, if the victim reported the offense to law enforcement authorities before he or she attained the age of 21 years*. Nothing in this subdivision (i) shall be construed to shorten a period within which a prosecution must be commenced under any other provision of this Section." (Emphasis added.) 720 ILCS 5/3-6(i) (West 2000).

¶ 16    Thus, effective on January 1, 2000, the law was amended to extend the statute of limitations for aggravated criminal sexual abuse to *10 years after the victim attains the age of 18*, but only if *the victim notifies law enforcement prior to turning 21 years of age* or three years after the commission of the crime. Mr. Puruncajas argues that G.A. did not report the crime to authorities prior to turning 21 years old and, thus, the State was constrained to the alternative three-year statute of limitations. He argues that his right to acquittal had vested three years after he allegedly committed the crime.

¶ 17    A plain reading of the statute shows that, despite Mr. Puruncajas claims to the contrary, his right to acquittal would not have vested three years after the commission of the offense. Assuming, hypothetically, that the offense happened at the beginning of the time period in question, specifically on August 30, 1998, Mr. Puruncajas argues that the statute of limitations would expire on August 30, 2001. We do not agree. On August 30, 2001, G.A. was 11 years old, which meant, under the statute then in effect, he had 10 years from that time to report the crime to law enforcement, or by August 2011. As such, Mr. Puruncajas' right to acquittal could not vest until August 2011. The United States Supreme Court and our own supreme court have been clear that a legislature may extend the statute of limitations if a defendant's right to acquittal has not vested. See *Stogner*, 539 U.S. at 632 (stating that laws extending the statute of limitations after it has expired violate the *ex post facto* clause of the United States Constitution but, conversely, the *ex post facto* clause does not prevent the State from extending the statute of limitations for crimes that are not time-barred); see also *Anderson*, 53 Ill. 2d at 440; see also *People v. Stone*, 374 Ill. App. 3d 980, 986 (2007) (stating the legislature can extend the statute of limitations for an offense if the time limit has not expired). Mr. Puruncajas argues that the portion of the statute advanced by the State in support of his conviction cannot be relied upon because, in reality, G.A. did not

come forward to law enforcement until after 21 years of age. However, Mr. Puruncajas' analysis of the issue is focused on erroneous factors. The analysis turns on whether Mr. Puruncajas' right to acquittal vested, not the version of the statute upon which the State elected to proceed. A defendant's right to acquittal occurs only *after* the statute of limitations has expired; otherwise, a law enacted after the right vests would violate the *ex post facto* clause of the United States Constitution.

¶ 18    As is relevant to this case, the legislature amended the law again in August 2002, and the statute of limitations was once more extended by Public Act 92-801 (Pub. Act 92-801, § 10 (eff. Aug. 16, 2002)), which was codified in section 3-6(j) of the Code (720 ILCS 5/3-6(j) (West 2002)). That section states in relevant part:

> "When the victim is under 18 years of age at the time of the offense, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse or a prosecution for failure of a person who is required to report an alleged or suspected commission of any of these offenses under the Abused and Neglected Child Reporting Act may be commenced *within 10 years after the child victim attains 18 years of age*.
>
> Nothing in this subdivision (j) shall be construed to shorten a period within which a prosecution must be commenced under any other provision of this Section." (Emphasis added.) 720 ILCS 5/3-6(j) (West 2002).

¶ 19    Therefore, effective August 16, 2002, and prior to G.A.'s requirement to report the offense to law enforcement, the legislature extended the statute of limitations for aggravated criminal sexual abuse and removed the language requiring the offense to be reported to law enforcement prior to the victim's twenty-first birthday. The statute of limitations in that version of the law

allowed prosecution 10 years after the commission of the offense if the victim reported the crime to law enforcement within 2 years of the commission of the offense or *10 years after the victim reaches the age of 18*, whichever is longer. 720 ILCS 5/3-6(i), (j) (West 2002). Clearly, this version of the statute is applicable to the facts of this case and extends the limitation period until August 2018, when G.A. would be 28 years old. Mr. Puruncajas was indicted on the two counts of aggravated criminal sexual abuse, along with the other charges, on November 4, 2015, approximately three years prior to the expiration of the limitation period in this version of the statute.

¶ 20    We note that the State asserted that the extension of the statute of limitations under the 2003 version of section 3-6(j) of the Code was applicable to the charges against Mr. Puruncajas. That amendment changed the statute of limitations from 10 years to "*within 20 years after the child victim attains 18 years of age*." (Emphasis added.) Pub. Act 93-356 (eff. July 24, 2003) (amending 720 ILCS 5/3-6(j)). As noted, the charges against Mr. Puruncajas were filed prior to the expiration of the previous version and the applicable 2003 version of the statute. As such, the charges were well within the extension of the limitation period. Because the State identified the incorrect version of the statute in the charging documents, Mr. Puruncajas asks us to find that the State has forfeited the right to raise the argument that the limitation period had not run since it misidentified the correct statutory version of the limitation period in the charging instrument. However, we note that the State could easily have amended the charging instrument to cite the proper statutory provision to comport with the correct version of the frequently amended statute. In other words, the State's use of the incorrect version of this, often amended, statute was an error of form, not substance. The evidence clearly supports the trial court's finding that counts VI and VII fell within the time period of the then-applicable statutory provision. As such, the error, if any,

does not rise to the level of depriving Mr. Puruncajas of a substantial right or a fair trial. The *only* difference between the different versions is the time in which the State could bring the charge. The evidence showed that the crimes took place within the time that the latest version of the statute was in effect. Thus, this error in citing the applicable version of the statute can be likened to an erroneous caption on a document, which does not change the content or substance contained therein.

¶ 21    In sum, the *relevant* statute of limitations allowed Mr. Puruncajas to be charged for the offenses, which he committed against G.A. through August 2018. As he was charged in 2015, the statute of limitations had not yet expired. Consequently, any error that occurred in citing the incorrect version of the statute was harmless. As such, Mr. Puruncajas' argument that he was found guilty of time-barred offenses does not amount to plain error.

¶ 22    Alternatively, Mr. Puruncajas asks this court to review this case under an ineffective assistance of counsel argument. He argues that his trial counsel's decision not to file a pretrial motion to dismiss was ineffective assistance.

¶ 23    A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Henderson*, 2013 IL 114040, ¶ 11. To prevail on such a claim, "a defendant must show both that counsel's performance was deficient, and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496 (2010). To establish deficient performance, the defendant must show his attorney's performance fell below an objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219 (2004) (citing *Strickland*, 466 U.S. at 687). " 'Effective assistance of counsel refers to competent, not perfect representation.' " *Evans*, 209 Ill. 2d at 220 (quoting *People v. Stewart*, 104 Ill. 2d 463, 491-92 (1984)). Mistakes in trial strategy or tactics do not necessarily render

counsel's representation defective. See *People v. Thompson*, 66 Ill. App. 3d 141, 142, (1978) (finding defense counsel's decision to not file a motion to dismiss alleging the misdemeanor charge was time-barred was trial strategy, as the State could have proceeded under felony charges for the same conduct). But see *People v. Staton*, 154 Ill. App. 3d 230, 232 (1987) (stating trial counsel was ineffective for failing to file a motion to dismiss the armed robbery and home invasion charges when the applicable statute of limitations had run).

¶ 24    To establish the second prong of *Strickland*, "[a] defendant establishes prejudice by showing that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." *People v. Houston*, 229 Ill. 2d 1, 4 (2008). A "reasonable probability" has been defined as a probability that would be sufficient to undermine confidence in the outcome of the trial. *Houston*, 229 Ill. 2d at 4. "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness." *People v. Simpson*, 2015 IL 116512, ¶ 35.

¶ 25    During the pendency of this appeal, the defendant filed a motion to cite additional authority, *People v. Carby*, 2022 IL App (4th) 190677-U, which this court granted. After reviewing the additional authority, we found it inapplicable to the case before us for the reasons below.

¶ 26    In this case, since the applicable statute of limitations had not expired on the two counts for which he was charged and convicted at the time when Mr. Puruncajas was indicted trial, counsel's decision not to file a pretrial motion to dismiss the aggravated criminal sexual abuse charges did not prejudice Mr. Puruncajas. The State could and would have easily corrected what amounted to an erroneous caption by simply amending the indictment with the correct version of the statute. As such, Mr. Puruncajas would not have escaped prosecution, as the applicable statute of limitations had not expired. Thus, he cannot prevail under a theory of ineffective assistance of

counsel. Accordingly, we affirm his convictions on counts VI and VII of the indictment as determined by the trial court.

¶ 27                                CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.

---

**No. 1-19-2515**

---

| | |
|---|---|
| **Cite as:** | *People v. Puruncajas*, 2022 IL App (1st) 192515 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 15-CR-18003; the Hon. Carol M. Howard, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Jonathan Yeasting, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (John E. Nowak, Mary L. Boland, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People. |

---